# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 31, 2019

```
* * * * * * * * * * * * *
ARTHUR L. TROLLINGER,            *     No. 16-473V
                                 *
         Petitioner,             *     Special Master Sanders
                                 *
v.                               *
                                 *     Interim Attorneys' Fees; Reasonable Basis;
SECRETARY OF HEALTH              *     Protracted Litigation; Reduced for
AND HUMAN SERVICES,              *     Administrative Work
                                 *
         Respondent.             *
* * * * * * * * * * * * *
```

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner
Kelly Heidrich, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES[1]

On May 16, 2019, Arthur Trollinger ("Petitioner") filed a motion for interim attorneys' fees, requesting $21,441.00 in interim attorneys' fees for his counsel, Ms. Nancy Meyers. Pet'r's Mot. for Int. Atty's' Fees, ECF No. 48. On May 29, 2019, Respondent filed a response in which he stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 49. Respondent further indicated a desire for "the special master [to] exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner filed a reply on May 30, 2019, in which he stated, "[I] concur[] with Respondent's recommendation that [the] Special Master . . . [should] exercise her discretion and determine a reasonable award for interim attorneys' fees in this case." Pet'r's Reply, ECF No. 50. For the reasons stated below, I will award interim attorneys' fees to Petitioner at this time.

### I.      Procedural History

This is Petitioner's second motion for an interim award. *See* Pet'r's Mot. for Int. Costs, ECF No. 41. On March 4, 2019, I issued a decision granting Petitioner's first motion and awarded

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

him $10,231.89 in interim costs. *See* Dec., ECF No. 44. I will dispense a review of the procedural history here, as I provided an in-depth review in my previous fee decision. *See Trollinger v. Sec'y of Health and Human Servs.*, No. 16-473, 2019 WL 1496185, *1–2 (Fed. Cl. Spec. Mstr. Mar. 4, 2019).

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim attorneys' fees are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim attorneys' fees is reasonable and appropriate in this case. Over three years have passed since Petitioner filed his petition. To date, Petitioner has submitted two expert reports and numerous exhibits in support of his petition. *See* Pet'r's Exs. 1–33. The parties also requested an entitlement hearing on January 3, 2018. ECF No. 39. However, due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently waiting for available hearing dates, a hearing will likely not be held in this case until sometime in 2021 at the earliest. Petitioner's counsel has requested over $21,000 in attorneys' fees, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, I find that an award of interim attorneys' fees is reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1347 (citing *Saxton v. Sec'y of Health and Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993)). This is a two-step process. *See id.* at 1347–48. First, the court "determines an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348 (citing *Blum*, 465 U.S. at 888).

The Federal Circuit has found that "[i]t [is] well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

**A. Attorneys' Fees**

    1. **Reasonable Rates**

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18–19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

Petitioner requests the following rates for the attorney and paralegals that worked on this matter to date:

- Nancy Meyers:
    - 2015–2017: $350
    - 2018: $375
    - 2019: $390
- Paralegals:
    - 2015–2019: $145

These rates are consistent with what Ms. Meyers has been previously awarded in Vaccine Program. *See Cook v. Sec'y of Health and Human Servs.*, No. 18-255V, 2019 WL 4256285, at *2 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); *see also Wade v. Sec'y of Health and Human Servs.*, No. 17-

3

1039V, 2019 WL 4256263, at *2 (Fed. Cl. Spec. Mstr. Aug. 16, 2019). Accordingly, no adjustment to the requested rates is required.

### 2. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate for billing for clerical tasks.

While clerical and other administrative work is necessary in every case, billing separately for such work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It also includes organizing exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). It is the nature of the tasks performed, not a person's professional title, which determines whether the work is legal, paralegal, or clerical in nature. *Doe 11 v. Sec'y of Health & Human Servs.*, No. XX–XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)).

Ms. Meyers' billing records contain numerous clerical tasks for which she billed at attorney rates. For example, on April 12, 2016, Ms. Meyers billed .1 hours for "[r]eceipt of email from US Court of Claims re: [n]otice of assignment to Special Master Lisa Hamilton-Fieldman." Mot. for Int. Atty's' Fees, Attach. 1 at 6, ECF No. 48-1. Ms. Meyers' billing records contain twenty-two entries of this nature, all occurring in the years 2016–17. *See id.* at 6–14. These tasks are administrative in nature, and therefore I will reduce Petitioner's fee award by 2.2 hours, for a total reduction of **$770**. In addition, Ms. Meyers also billed to review emails her paralegal had sent to individuals outside the law firm. *See id.* For example, on September 15, 2016, Ms. Meyers billed .1 hours to "[r]eview [an] email from paralegal to client's wife . . . ." *Id.* at 1. Most of these entries are billed at .1 hours, but on at least one occasion, Ms. Meyers billed more than .1 hours to complete this task. *See id.* at 5 (showing that on 2/24/2016, Ms. Meyers billed .3 hours to "[r]eview [a] lengthy email from paralegal . . . ."). Reviewing these emails does not require the expertise of an attorney. There are at least twenty-two entries for this task, and I will therefore reduce Ms. Meyers' fee award by 2.5 hours, or **$875**.

I have reviewed the remaining billing records, and find that the hours expended, other than those described above, are reasonable and I award them in full.

### IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Ms. Myers $19,796 in interim attorneys' fees.  Accordingly, I award the total of **$19,796** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Nancy R. Meyers, of Ward Black Law, P.A., for interim attorneys' fees.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[2]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.