# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-473V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                      *
ARTHUR L. TROLLINGER                  *      Chief Special Master Corcoran
                                      *
                  Petitioner,         *      Filed:  December 19, 2023
                                      *
        v.                            *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                  Respondent.         *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Leslie Cooper Harrell*, Mullins, Duncan, et al., and *Nancy Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Mallori B. Openschowski,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 14, 2016, Arthur Trollinger filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program"). [2] Petition (ECF No. 1) ("Pet."). Petitioner alleged that the Prevanar-13 ("pneumococcal") vaccine he received on July 17, 2015, caused him to incur Guillain-Barré syndrome ("GBS"). Pet. at 1. The case was resolved via a ruling on the record, and I denied entitlement. See Decision, dated February 17, 2023 (ECF No. 81). Petitioner appealed the determination, but my decision was affirmed. *See* ECF No. 88. No further appeal was taken.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated November 22, 2023 (ECF No. 91) ("Final Fees Mot."). Petitioner requests a total of

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

$148,991.24, reflecting $125,251 in fees incurred for the services of Ms. Nancy Meyers, Mr. Leslie Harrell, and paralegals, and $23,740.00 in litigation-associated costs. Final Fees Mot. at 1–2. Respondent reacted to the final fees request on November 29. 2023. Response, dated November 29, 2023 (ECF No. 92) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$148,991.24**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs*., No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs*., 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs*., 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find it possessed sufficient objective basis to justify a fees and costs award. Petitioner's diagnosis of GBS was largely undisputed. Decision at 36. The decision turned entirely on the first *Althen* prong, for which Petitioner presented a causal theory (molecular mimicry) common to Vaccine Program cases, and deemed reliable as a general matter (even though it was not persuasive in this context). I also note, as observed in my decision dismissing the claim, that the contention that the pneumococcal vaccine can cause GBS has been favorably received in other cases, despite my reasoned rejection of the theory.[5] Thus (and in light of the low bar to a reasonable basis determination generally), I find that sufficient objective proof on this issue existed. Otherwise, there is no other basis for a denial of fees.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C.,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

[5] I am not likely in *future* cases to deem the theory reasonably-interposed, however, absent new scientific or medical evidence better corroborating it.

for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| **Attorney** | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| **Mr. Leslie Harrell** | -- | -- | $400.00 | $430.00 | $470.00 |
| **Ms. Nancy Meyers** | $390.00 | $400.00 | $430.00 | $460.00 | $490.00 |
| **Paralegals** | $145.00 | $150.00 | $155.00 | $160.00 | $165.00 |

Fees and Costs Summary (ECF No. 91-1) at 2–19.

Ms. Meyers and Mr. Harrell practice in Greensboro, NC—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to be paid forum rates as established in *McCulloch. See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The rates requested are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[6] *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738V, 2022 WL 1210556, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

Ms. Meyers also requests $2,543.00 for payment to Ward Black Law, her prior firm, and where she handled this matter before transitioning to Turning Point Litigation. She includes a breakdown of her work with the Motion. Fees Summary, Ward Black Law (ECF No. 91-2). The time devoted to the matter is reasonable, and I will award this aspect of the fees request without adjustment.

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited December 19, 2023).

Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $778.24 in outstanding core litigation costs, including medical record retrieval costs, Westlaw costs, and mailing costs. Fees and Costs Summary (ECF No. 91-1) at 19–20. All are commonly incurred in the Vaccine Program, are reasonable herein, and shall be awarded.

Petitioner also seeks $22,962.00 for the services of Dr. Lawrence Steinman as an expert witness. Dr. Steinman was already awarded $9,000.00 for prior work in an interim fee decision. In 2021 and 2022, he prepared two expert reports, charging a rate of $550.00 per hour. Fees and Costs Summary (ECF No. 91-1) at 22. The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions.

Thus, all requested litigation-related costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$148,991.24** reflecting $125,251.00 in attorney's fees and $23,740.00 in costs in the form of a check made jointly payable to Petitioner and his attorneys Ms. Nancy Meyers and Mr. Leslie Harrell.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.